UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DORGINIA LUCAS-VICKS | * | CIVIL ACTION |
| VERSUS | * | NO. 26-1152 |
| PAOLA EDINFIELD | * | SECTION "E" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Dorginia Lucas-Vicks filed a Complaint and an *Ex Parte* Motion for Leave to Proceed *in forma pauperis* on May 29, 2026. ECF Nos. 1-2. The matter was referred to the undersigned United States Magistrate Judge to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), including frivolousness review under 28 U.S.C. § 1915.

On June 3, 2026, I granted Plaintiff's *in forma pauperis* motion and, consistent with the duties imposed by § 1915(a) and (e)(2)(B), ordered that summons not be issued until completion of the statutorily mandated review. ECF No. 4. This Order also required Plaintiff to file a written response by June 24, 2026, setting forth the specific facts upon which she relies to establish subject matter jurisdiction and the bases for her claims. *Id.* at 12. Plaintiff failed to file a response.

## I. THE COMPLAINT

Plaintiff Dorginia Lucas-Vicks, a citizen of Louisiana, filed this action pursuant to 42 U.S.C. § 1983 alleging due process violations against Defendant Paola Edinfield, a citizen of Mississippi, invoking this Court's federal question jurisdiction (28 U.S.C. § 1331). ECF No. 1 ¶¶ 1-2, 4. Plaintiff alleges that Defendant failed to send a default letter and then improperly sought a state court eviction judgment relating to property she purchased via a bond for deed[1] under LA.

[1] A bond for deed is a contract to sell real property. The buyer pays the agreed purchase price to the seller in installments after which the seller delivers title to the buyer. LA. REV. STAT. § 9:2941.

REV. STAT. §§ 9:2941-2945. *Id.* ¶¶ 7-13. She contends that pursuing eviction without notice constitutes breach of contract, fraud, violations of Louisiana law and violations of her federal constitutional rights. *Id.* ¶¶ 14-17. She also asserts a claim of discrimination because Defendant allegedly gave other homeowners default notices. *Id.* ¶¶ 18-19.

## II. APPLICABLE LAW

### A. Statutorily Mandated Review

Section 1915(e)(2)(B) grants the court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "*sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[3] This review mandate applies to both prisoner and non-prisoner *in forma pauperis* cases.[4]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise

---

[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom.*, *Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[7] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[8]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9] The Supreme Court clarified the standard for a Rule 12(b)(6) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is *plausible* on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[10] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[11] "Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim."[12]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[13] The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[14]

---

[8] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Twombly*, 550 U.S. at 555, 570.
[11] *Iqbal*, 556 U.S. at 678.
[12] *Roy v. Cobb*, No. 20-0167, 2020 WL 2045791, at *2 (W.D. La. April 7, 2020) (citing *Twombly*, 550 U.S. at 556).
[13] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943–44 (5th Cir. 2018) (holding conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).
[14] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[15] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[16] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[17]

**B. <u>Pleading Standard</u>**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[18] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[19] Although documents filed *pro se* are "liberally construed,"[20] even the complaints of *pro se* litigants must satisfy Rule 8 to convince the court that plaintiff has a colorable claim.[21]

**C. <u>Availability of Amendment</u>**

Claims filed by a *pro se* litigant that fail to state grounds upon which relief can be granted

---

judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that a court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[15] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[16] *Id*.

[17] *Id*.

[18] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[20] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976)).

[21] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (noting that, although *pro se* pleadings are treated more liberally, sufficient facts must be alleged to establish a colorable claim; conclusory allegations do not suffice).

should generally be dismissed without prejudice, unless the plaintiff has been given adequate opportunity to cure the deficiencies or if the pleadings demonstrate the plaintiff has pleaded his best case:[22]

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[23]

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[24] When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[25] Frivolous claims, however, are generally dismissed with prejudice and without leave to amend because the plaintiff cannot cure the frivolity.[26]

### D. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution or statute,"[27] and "subject-matter delineations must be policed by the courts on their own initiative."[28] Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the

[22] *James v. Smith*, 152 F.4th 594, 610 (5th Cir. 2025) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (per curiam) (citations omitted)); *Ricks v. Khan,* 135 F.4th 296, 300 (5th Cir. 2025).
[23] *Neitzke*, 490 U.S. at 329-30.
[24] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020).
[25] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).
[26] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).
[27] *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).
[28] *Ruhrgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

parties.[29] The court must presume that the lawsuit lies outside its limited jurisdiction, and the party invoking federal subject matter jurisdiction bears the burden of establishing it.[30] Indeed, the court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.[31]

The absence of a valid cause of action does not implicate subject-matter jurisdiction unless the claim is either immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial, implausible, foreclosed by prior Supreme Court decision, frivolous, or otherwise completely devoid of merit as not to involve a federal controversy.[32] If the court determines at any time that it lacks subject-matter jurisdiction or the plaintiff fails to establish jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).[33] The dismissal of an action for lack of subject matter jurisdiction is without prejudice and does not preclude a plaintiff from pursuing relief in state court or other proper jurisdiction.[34]

**1. Federal Question**

Congress authorized federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

---

[29] *See* 28 U.S.C. §§ 1331, 1332.
[30] *Mourning v. U.S. Dep't of State-Visa Off.*, 32 F. App'x 130 (5th Cir. 2002) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[31] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing *Ruhrgas,* 526 U.S. at 583).
[32] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citations omitted); *see also WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.*, 989 F.3d 343, 349 (5th Cir. 2021) (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).
[33] *Hicks v. TXU Energy*, No. 24-463, 2024 WL 1481058, 2024 WL 1481058, at *2 (citing FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")), *R.&R. adopted*, 2024 WL 3378726 (N.D. Tex. July 11, 2024).
[34] *Griener v. United States*, 900 F.3d 700, 705 (5th Cir. 2018) ("A dismissal for want of jurisdiction bars access to federal courts and is res judicata only as to the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims.").

resolution of a substantial question of federal law."[35] This "'creation' test . . . accounts for the vast bulk of suits that arise under federal law."[36]

**2. Diversity**

"Diversity jurisdiction is determined based upon the citizenship of a party at the time the case is filed."[37] It requires each plaintiff's citizenship to be diverse from each defendant's citizenship, i.e., "complete diversity,"[38] and the amount in controversy must exceed $75,000.[39] Because "clear, distinct, and precise affirmative jurisdictional allegations" are required at the pleading stage,[40] parties' citizenship must be "distinctly and affirmatively alleged" and cannot be established argumentatively or by mere inference.[41]

The citizenship of a natural person is determined by domicile, which requires residency plus an intent to remain.[42] Thus, a party's domicile is not determined solely by the party's residence.[43] For that reason, an allegation of residency alone does not satisfy the required

---

[35] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists if there appears on the fact of the complaint some substantial, disputed question of federal law. (internal quotations and citation omitted)).

[36] *Gunn*, 568 U.S. at 257; *see also Perez ex rel. Est. of Lozano v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022). A small class of state law causes of action support federal question jurisdiction when a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn*, 568 U.S. at 258 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)).

[37] *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

[38] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).

[39] § 1332(a), (b).

[40] *MidCap Media Fin.*, 929 F.3d at 313 (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)); *see Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (noting the manner and degree of evidence required to establish citizenship at different stages of the litigation and clarifying "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship [of the parties]" (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that standing "must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation"))); *see also Midcap Media Fin.*, 929 F.3d at 315 n.* (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting *Lujan*, 504 U.S. at 561)).

[41] *Getty Oil Corp.*, 841 F.2d at 1259 (citations omitted).

[42] *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citations omitted). A change in domicile requires physical presence at the new location and an intention to remain their indefinitely. *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)).

[43] *See MidCap Media Fin.*, 929 F.3d at 313 (discussing the difference between citizenship and residency).

allegation of citizenship.[44]

"The amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.'"[45] The amount in controversy "is measured by the direct pecuniary value of the right the plaintiff seeks to enforce or protect; stated somewhat differently, it is the value of the object or subject matter of the suit that is critical."[46] And it is determined by the court "as of the time the complaint is filed . . . ."[47]

"[D]ifferent standards of proof [are applied] depending upon whether the complaint alleges a dollar amount of damages. Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith."[48] For a court to refuse jurisdiction, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount . . . ."[49] "[W]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."[50] The court must first examine "the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."[51] Allegations of general categories of damages without any indication of the amount of damages sought are not considered.[52] If not facially apparent, the court "may look to 'summary-

---

[44] *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984 (per curiam)).
[45] *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).
[46] *Wilson v. DG La., LLC*, No. 24-2957, 2025 WL 2434382, at *2 (E.D. La. Aug. 25, 2025) (Ashe, J.) (quoting 14B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3707, at 590 (5th ed. 2023); and citing *Durbois*, 37 F.4th at 1057 (citing cases)).
[47] *St. Paul Reinsurance*, 134 F.3d at 1253-54.
[48] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).
[49] *Berrocal v. Samsung Elecs. Co.*, No. 25-50259, 2025 WL 3488842, *3 (5th Cir. Dec. 4, 2025) (quoting *St. Paul Mercury*, 303 U.S. at 289).
[50] *St. Paul Reinsurance*, 134 F.3d at 1253.
[51] *Id.* (quoting *Allen*, 63 F.3d at 1335).
[52] *See, e.g.*, *Young v. Popeyes La. Kitchen, Inc.*, No. 24-1807, 2024 WL 4263173, at *2 (E.D. La. Sept. 23, 2024) (citing cases).

judgment type' evidence in the record to ascertain the amount in controversy."[53]

### 3. Supplemental Jurisdiction

When the court has jurisdiction over a cause of action, 28 U.S.C. § 1367 authorizes the court to exercise supplemental jurisdiction over other claims that do not independently fall within its jurisdiction, but that form part of the same "case or controversy."[54] The supplemental claims must be "so related" to the claims over which the court has original jurisdiction, i.e., both claims must "derive from a common nucleus of operative fact."[55] The court may, however, decline to exercise supplemental jurisdiction over a claim if, among other things, "the district court has dismissed all claims over which it has original jurisdiction."[56]

The court has "wide discretion" to refuse or retain supplemental jurisdiction over a pendent state law claim.[57] In the determination, the court should consider the statutory factors enumerated in § 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity.[58] Generally, however, the court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.[59]

## E. **Required Elements of a § 1983 Claim**

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

---

[53] *Galan v. Deepwater Horizon Med. Benefits Settlement Claims Adm'r*, No. 23-30459, 2023 WL 8434048, at *2 (5th Cir. Dec. 5, 2023) (quoting *St. Paul Reinsurance*, 134 F.3d at 1253).
[54] *Jinks v. Richland County*, 538 U.S. 456, 458 (2003) (quoting § 1367(a)).
[55] *S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 373 (5th Cir. 2020) (quoting § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))).
[56] § 1367(c)(3).
[57] *Moon v. City of El Paso*, 906 F.3d 352, 360 (5th Cir. 2018) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).
[58] *Enochs v. Lampasas County*, 641 F.3d 155, 158-59 (5th Cir. 2011).
[59] *Watson v. City of Allen*, 821 F.3d 635, 642 (5th Cir. 2016) (quoting *Brookshire Bros. Holding v. Dayco Prods.*, 554 F.3d 595, 602 (5th Cir. 2009)).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[60]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[61]

Generally, a plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[62]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[63]

A plaintiff asserting a § 1983 claim must identify both the constitutional violation and the responsible person acting under color of state law.[64] Plaintiff thus must identify the person who deprived her of a federal right while acting under color of law,[65] or in other words, the plaintiff must show state action.[66] This requires an allegation that "the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority."[67] "Mere private conduct, no matter how discriminatory or wrongful," is excluded from § 1983's reach.[68] Only in

---

[60] 42 U.S.C. § 1983.
[61] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[62] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[63] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[64] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[65] *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)).
[66] *Pearson v. Shriners Hosps. for Children, Inc.*, 133 F.4th 433, 443 (5th Cir. 2025) (citing *Priester*, 354 F.3d at 421; *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n.2 (2001) ("If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes.")); *see Lindke v. Freed*, 601 U.S. 187, 194-95 (2024).
[67] *Pittman v. Campbell*, No. 24-2168, 2025 WL 358922, at *5 (E.D. La. Jan. 31, 2025) (Africk, J.) (quoting *Hernandez v. Causey*, 124 F.4th 325, 335 (5th Cir. 2024)).
[68] *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (alterations in original) (citations omitted).

limited circumstances is private conduct deemed state action and fairly attributable to the State.[69]

Fair attribution may be found where a private entity "is involved in a conspiracy or participates in joint activity with state actors."[70] This "joint action test" requires the plaintiff to plead "facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right, and that the private actor was a willing participant in joint action with the state or its agents."[71] "[I]t is not enough merely to recite that there was an agreement or that defendants conspired or acted in concert, for these are conclusions, not facts."[72]

## III. ANALYSIS

### A. Plaintiff § 1983 Claim is Frivolous

Plaintiff sole federal claim is asserted against Defendant under § 1983 for violation of her rights guaranteed by the Due Process and Equal Protection Clauses of the Fourteenth Amendment. ECF No. 1 at 8. Defendant is a private person, and Plaintiff does not set forth any allegations to suggest that Defendant is an official who qualifies as a state actor nor does she include any allegations to establish that Defendant conspired with or acted in concert with a state actor.[73]

Section 1983 claims are properly seen as "frivolous or insubstantial" when a plaintiff sues a private actor and does not otherwise allege that the private actor acted under color of state law.[74]

---

[69] *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) (quoting *Priester*, 354 F.3d at 423).
[70] *Id.* (quotation omitted); *Pearson*, 133 F.4th at 433 (quoting *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019)).
[71] *Hernandez*, 124 F.4th at 337 (quoting *Pikaluk v. Horsehoe Ent., L.P.*, 810 F. App'x 243, 247 (5th Cir. 2020)).
[72] *Polacek v. Kemper County*, 739 F. Supp. 2d 948, 952-53 (S.D. Miss. 2010) (emphasis in original) (citing *Harrison v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, No. 05-30370, 2006 WL 558902, *1 (5th Cir. Mar. 8, 2006) (recognizing that while "a non-state actor may be liable under [§] 1983 if the private citizen was a willful participant in joint activity with the States or its agents," "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice"); *Priester*, 354 F.3d at 420 (stating that "[a]llegations (of conspiracy) that are merely conclusory, without reference to specific facts, will not suffice."); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (observing that conclusory allegations of conspiracy cannot survive a motion to dismiss)).
[73] *Priester*, 354 F.3d at 420.
[74] *Farooq v. Cody Cofoer & James Luster L. Firm*, No. 24-10933, 2025 WL 602161, at *1 (5th Cir. Feb. 25, 2025) (affirming dismissal of lawsuit without prejudice for lack of subject matter jurisdiction); *accord. Mitchell v.*

**B. The Frivolous § 1983 Claim Does Not Support Jurisdiction over State Law Claims**

Initially, Plaintiff does not invoke diversity jurisdiction under § 1332. ECF No. 1 ¶ 4. Even if she had, she fails to allege sufficient facts to establish same. Although Plaintiff alleges that the parties are of diverse citizenship (ECF No. 1 ¶¶ 1-2), she fails to include any facts to establish that the amount in controversy exceeds the jurisdictional minimum.

While § 1983 is a federal statute that could provide federal subject matter jurisdiction,[75] when the claim is patently frivolous or wholly without merit, dismissal for lack of subject matter jurisdiction is proper.[76] Without a colorable federal claim, Plaintiff cannot invoke federal question jurisdiction to support the exercise of supplemental jurisdiction over his state law claims.[77]

Even if Plaintiff had asserted a colorable § 1983 claims subject to dismissal but sufficient to trigger supplemental jurisdiction, considering § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity and considering the early stage of this proceeding, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them without prejudice so that she may pursue same in state court.

**C. Plaintiff's Requested Relief is Barred by the Anti-Injunction Act**

Even if Plaintiff had established subject matter jurisdiction, the relief sought is barred by

---

*Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (finding Plaintiff failed to establish subject matter jurisdiction in a § 1983 case absent allegations that defendant acted under color of state law); *Lavergne v. Sanford*, 570 F. App'x 386, 386 (5th Cir. 2014) (finding no federal jurisdiction under § 1983 for claims against non-state actors); *Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) (determining § 1983 was inapplicable to defendant who was not a state actor, such that the court lacked subject-matter jurisdiction over the claim against him); *Encalade v. Thomas*, No. 09-2999, 2009 WL 1704461, at *8-9 (E.D. La. June 12, 2009) (adopting recommendation that § 1983 claims against private actors be dismissed for lack of subject matter jurisdiction); *Yang v. Roper*, No. 24-3019, 2024 WL 5160369, at *3 (N.D. Tex. Dec. 6, 2024) *R.&R. adopted*, 2024 WL 5161856 (N.D. Tex. Dec. 18, 2024); *Borne v. Home Bank, N.A.*, No. 24-303, 2024 WL 5455920, at *3 (M.D. La. Dec. 27, 2024), *R.&R. adopted*, 2025 WL 920267 (M.D. La. Mar. 26, 2025).

[75] *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

[76] *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor*, 549 F.2d 342, 344 (5th Cir. 1977)); *see also Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. Unit A Feb. 1981) (same).

[77] Plaintiff also fails to establish diversity jurisdiction under § 1332. Although the parties are of diverse citizenship (ECF No. 1 ¶¶ 1-2), she fails to include any facts to establish that the amount in controversy exceeds $75,000.

the Anti–Injunction Act, which generally prohibits federal courts from interfering with state court proceedings.[78] Only three exceptions to § 2283 are recognized:[79] an injunction to stay state court proceedings is allowed "as expressly authorized by Act of Congress, or where necessary in aid of [the court's] jurisdiction, or to protect or effectuate its judgments."[80] But no exception applies here. As the Fifth Circuit has recognized, "proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."[81]

## IV. RECOMMENDATION

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Dorginia Lucas-Vicks' § 1983 claim against Defendant Paola Edinfield be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2) for being legally frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining state law claims be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and/or pursuant to 28 U.S.C. § 1367(c)(3).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

78 *Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008) (quoting *Vines v. Univ. of La.*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283)).
79 *See Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970); *Vines*, 398 F.3d at 704.
80 *Health Net*, 534 F.3d at 493.
81 *Id.* at 494 (citation modified) (citing *Atl. Coast Line*, 398 U.S. at 287).

result from a failure to object.[82]

New Orleans, Louisiana, this 16th day of July, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[82] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.